### Henry Abernathy v. The State.

#### No. 3446. Decided February 24, 1915.

**1.—Rape—Evidence—Birth of Child.**

Upon trial of rape, there was no error in the insistence of State's counsel that he had a right to prove that the alleged female had given birth to a child. Following Snodgrass v. State, 36 Texas Crim. Rep., 211.

**2.—Same—Evidence—Cross-examination.**

Where, upon trial of rape, the defendant on cross-examination of prosecutrix had shown that she had been having her monthly sickness ever since she was thirteen, there was no error in sustaining an objection to other questions in regard to the time she had been having her monthly sickness.

**3.—Same—Evidence—Other Acts of Sexual Intercourse.**

Upon trial of rape upon a female under the age of consent, testimony as to other acts of carnal intercourse was admissible in evidence.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of rape on his stepdaughter, a girl under fifteen years of age.

In the first bill it is stated that the State's attorney asked the prosecuting witness if she had a child, to which question appellant objected, and the court sustained the objection, when State's counsel insisted, in the presence of the jury, that he had a right to prove that she had

given birth to a child. State's counsel was correct. This would be conclusive proof that the child had had intercourse with some man, and was admissible. (Snodgrass v. State, 36 Texas Crim. Rep., 211.) The court, in approving the bill, states he does not know why he first excluded the testimony, and shows that both sides went thoroughly into the matter, the defendant undertaking to prove that one Kerr was the father of the child.

The second bill shows that the defendant, on cross-examination of the prosecuting witness, asked her, "Had you been having your monthly sickness?" and upon receiving an affirmative reply, he asked her how many years that had been going on, and she answered, "Ever since I was thirteen." There was no error in sustaining the objections to the other questions in regard to the time she had been having her monthly sickness, for she had definitely fixed the time by swearing to her age, and that she began to have her monthly sickness when thirteen years of age.

Appellant also complains that, as the witness had testified appellant used vaseline when having intercourse, that it was error to permit the girl to testify as to the length of time he had been using the vaseline. As we have held, in this character of case, that other acts of intercourse are admissible, the bill presents no error, and the judgment is affirmed.

*Affirmed.*